## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

AL B. HILL, as receiver for Credit
Nation Capital, LLC, Credit Nation
Acceptance, LLC, Credit Nation
Auto Sales, LLC, American Motor
Credit LLC, and Spaghetti Junction,
LLC,

           **Plaintiff,**

    **v.**

ANTONIO DUSCIO, WILLIAM
CLOW, NEAL JONES, BEVERLY
LEVERTON, LYNN LEVERTON,
TERRY LUCK, and WALTER
PADON,

           **Defendants.**

**1:16-cv-4767-WSD**

### OPINION AND ORDER

This matter is before the Court on Plaintiff Al B. Hill's ("Receiver" or "Plaintiff") Motion to Freeze the Life Settlement Policy in the Name of Cecil Lovell [24] ("Motion").

## I.    BACKGROUND

Plaintiff is the receiver of multiple entities in the matter SEC v. Torchia, et al., No. 1:15-cv-3904. These entities include Credit Nation Capital, LLC ("CN Capital"), National Viatical, Inc., and National Viatical Trust ("NVT").

CN Capital manages, on behalf of NVT, the life settlement policy (the "Policy") for the insured Cecil Lovell.  American General is the insurance company on the Policy.  The Policy has a death benefit of $1.2 million, and the Receiver represents the current market value of the Policy is $642,000.  According to American General's records, Defendant Antonio Duscio ("Duscio") is the owner of the policy.

In this action, the Receiver contends that Duscio obtained the Policy without providing consideration for the purchase.  The Receiver argues that the Policy was pledged to Duscio to secure repayment of a debt of CN Capital to Duscio.  The Receiver explains:  "To formalize the security pledge, CN Capital listed Duscio as the owner of the policy with American General.  However, the debt was repaid in full, and the security should be released and the policy returned to the receivership estate."  (Mot. at 2).  The Receiver ultimately seeks the Policy to be transferred back to the receivership.

On February 24, 2017, the Receiver filed his Motion.  The Receiver seeks a freeze or stay of the sale of the Policy until the Court rules on the merits of the Receiver's claims.  He argues that, until the Court determines ownership of the Policy, the Policy is at risk of being put out of reach of the Receiver.  No party responded to the Motion, and it is deemed unopposed.  See LR 7.1(B), NDGa.

## II.    DISCUSSION

In managing a receivership, a court sits in equity. In shaping equity decrees, the court has broad powers and wide discretion.  See SEC v. Elliott, 953 F.2d 1560, 1566 (11th Cir. 1992) (the district court has broad powers and wide discretion to determine relief in an equity receivership); see also SEC v. Drucker, 318 F. Supp. 2d 1205, 1206 (N.D. Ga. 2004).

The Court's broad equitable powers include the inherent equitable authority to issue a variety of ancillary relief to protect the receivership, and the scope of possible relief is not limited to parties before the court.  See Ritchie Capital Mgmt., L.L.C. v. Jeffries, 653 F.3d 755, 762 (8th Cir. 2011) (citing SEC v. Wencke, 622 F.2d 1363, 1369–71 (9th Cir.1980)).  "Permissible ancillary relief includes issuance of orders imposing blanket stays of litigation, in order to give the receiver 'a chance to do the important job of marshaling and untangling a company's assets without being forced into court by every investor or claimant.'"  Id. (citing United States v. Acorn Tech. Fund, LP, 429 F.3d 438, 443 (3d Cir.2005)).  The court's equitable powers are limited to cases that concern the assets of the receivership. Id. (citing SEC v. Cherif, 933 F.2d 403, 413-14 (7th Cir. 1991)).

"In this respect, equitable powers of the receivership court are similar to powers of the bankruptcy court to impose an automatic stay pursuant to 11 U.S.C.

§ 362(a)." Id.  "The goal in both securities-fraud receiverships and liquidation

bankruptcy is identical—the fair distribution of the liquidated assets."  Id. (quoting

SEC v. Wealth Mgmt. LLC, 628 F.3d 323, 334 (7th Cir.2010)).  The bankruptcy

court can stay actions against any party, even a non-debtor, whenever the objective

of the action is to obtain possession or exercise control over the debtor's property.

Id.  (citing 11 U.S.C. § 362(a)(3)).

Under these principles, an order enjoining the sale of the Policy is warranted

here.  The Receiver seeks an injunction on the sale of the Policy until the Court

determines whether the Policy should be transferred back to the receivership.  He

maintains that the Policy was fraudulently transferred, and that it should be part of

the receivership estate that will be liquidated and distributed to investors.  In

essence, the Receiver seeks to preserve the *status quo*.  No party objects to the

Receiver's Motion, and the Court, exercising its broad equitable powers, enjoins

the sale of the Policy until it determines the ownership of the Policy.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Al B. Hill's Motion to Freeze the

Life Settlement Policy in the Name of Cecil Lovell [24] is **GRANTED**.

Defendant Antonio Duscio and American General are **ENJOINED** from selling,

transferring, or otherwise disposing or making unavailable the Cecil Lovell policy, policy number ending -7090L, until further order of the Court.

**SO ORDERED** this 31st day of March, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE